Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email:  drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COBBLER NEVADA, LLC**,<br><br>           Plaintiff,<br><br>v.<br><br>**CHERISSE WATTS,**<br><br>           Defendant. | Case No.: 3:15-cv-01075-ST<br><br>FIRST AMENDED COMPLAINT<br><br>COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff Cobbler Nevada, LLC ("Cobbler Nevada"), complains and alleges as follows:

JURISDICTION AND VENUE

1.     This is a suit for copyright infringement under 17 U.S.C. §§ 101 et seq. ("The Copyright Act").

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to reside in this district.

## PARTIES

### PLAINTIFF

4.  Plaintiff Cobbler Nevada is a Limited Liability Company with principal offices in Los Angeles, California.

### The Rights of Cobbler Nevada

5.  *The Cobbler* is a major motion picture that was released in theaters in March 2015.

6.  *The Cobbler* has been registered with the United States Copyright Office by the owner, Cobbler Nevada, Registration No. PAu 3-744-688, 2014.

7.  Under The Copyright Act, Cobbler Nevada is the proprietor of all copyrights and interests needed to bring suit.

8.  The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

9.  The motion picture is currently offered for sale in commerce.

10. Defendant had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

11. Cobbler Nevada comes to court seeking relief as the motion picture *The Cobbler* is the subject of significant piracy and has been illegally downloaded and distributed countless times worldwide with over 10,000 confirmed instances of infringing activity traced to Oregon.

///

///

## THE DEFENDANT

12.     The defendant, originally identified only by the Internet Protocol ("IP") Address 67.168.245.223 as DOE-67.168.245.223 has now been confirmed to be Cherisse Watts of Clackamas, Oregon.

13.     Defendant's IP address has been observed and confirmed as distributing plaintiff's motion picture through the BitTorrent network on multiple occasions over multiple days.

14.     Defendant's IP address has been has been observed as downloading a substantial amount of additional copyrighted content through BitTorrent.

15.     At all relevant times the defendant's IP address has been password protected.

16.     Defendant has provided plaintiff significant additional information that confirms that she is the correctly named defendant in this matter.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

17.     Defendant, without the permission or consent of Cobbler Nevada, copied and distributed plaintiff's motion picture through a public BitTorrent network.

18.     Defendant's actions infringed Cobbler Nevada's exclusive rights under The Copyright Act.

19.     Defendant's conduct has been willful, intentional, in disregard of and indifferent to Cobbler Nevada's rights.

20.     As a direct and proximate result of defendant's conduct, Cobbler Nevada's exclusive rights under 17 U.S.C. § 106 have been violated.

21.     Cobbler Nevada is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

22. The conduct of the defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

23. Pursuant to 17 U.S.C. §§ 502 and 503, Cobbler Nevada is entitled to injunctive relief prohibiting the defendant from further contributing to the infringement of Cobbler Nevada's copyrights and ordering that defendant destroy all copies of the motion picture made in violation of Cobbler Nevada's rights.

SECOND CLAIM FOR RELIEF

ALTERNATE THEORY – INDIRECT INFRINGEMENT

24. Plaintiff repeats and realleges each of the allegations above.

25. Defendant knowingly or with willful disregard permitted, facilitated and promoted the use of the Internet for the infringing of plaintiff's exclusive rights under The Copyright Act by others.

26. Defendant failed to reasonably secure, police and protect the use of their Internet service and or computers against use for improper purposes such as piracy, including the downloading and sharing of the motion picture by others.

27. Defendant's failure was with notice as piracy is a well-known problem and defendant has actual or constructive notice of the potential for piracy and Internet and computer abuse.

28. Defendant's failure was with notice as the volume of activity associated with the defendant's IP address is such that the defendant either knew of or should have known of the infringing activity.

29. Defendant is liable as an indirect or secondary infringer.

30. Defendant's conduct has been willful, intentional, in disregard of and indifferent to plaintiff's rights.

31. As a direct and proximate result of defendant's conduct, plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated

32. Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

33. The conduct of the defendant is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

34. Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further indirect infringement of its copyrights and ordering that defendant destroy all copies of the motion picture made in violation of its rights and take such further steps as are necessary to prevent further indirect infringement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

A. For entry of permanent injunction enjoining defendant from directly, indirectly or contributory infringing plaintiff's rights, including without limitation by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture;

B. Statutory damages pursuant to 17 U.S.C. § 504.

C. For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

D. For such other and further relief as the Court deems proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: November 13, 2015.

                Respectfully submitted,

                CROWELL LAW

                *s/ Drew P. Taylor*
                Carl D. Crowell, OSB No. 982049
                carl@crowell-law.com
                Drew P. Taylor, OSB No. 135974
                drew@crowell-law.com
                503-581-1240
                Of attorneys for the plaintiff